IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EUGENE STEVONS,                )
                               )
          Petitioner,          )
                               )
     v.                        )     1:08CV856
                               )
THEODIS BECK,                  )
                               )
          Respondent.          )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 19, 2001, in the Superior Court of Durham County, Petitioner pled guilty to first-degree sex offense with a child and indecent liberties with a child in cases 00CRS61706 and -61707. He was then sentenced to 224 to 278 months of imprisonment. Petitioner filed no direct appeal but, on March 20, 2002, he did file a motion for appropriate relief in the trial court. When this was denied the next day, he filed a petition seeking certiorari in the North Carolina Court of Appeals. That petition was denied on May 14, 2002. Petitioner made no further filings until he submitted a second motion for appropriate relief in the trial court on June 18, 2007. This too was denied and Petitioner again sought certiorari. The North Carolina Court of Appeals denied certiorari on August 8, 2007.

Petitioner next filed his habeas petition in this Court. The petition is dated November 17, 2008 and was received by the Court

on November 25, 2008. In it, Petitioner raises a single claim that females who commit crimes similar to the one he committed are prosecuted in Durham County under a statute that allows for more lenient sentencing than the statute under which he was convicted. He alleges that no female in Durham County has ever been prosecuted under the statute used in his case.

### Discussion

Respondent requests summary judgment on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner was convicted on July 19, 2001 and filed no direct appeal. Respondent argues that his conviction became final

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

immediately because he had no right to appeal under North Carolina law.  Even if he did have a right to appeal, the time for filing a notice of appeal expired ten days later on July 29, 2001. N.C.R. App. P. 4 (ten days to file notice, later amended to 14 days). Petitioner's conviction was final, at the latest, on July 29, 2001 and his one year to file in this Court began to run on that date.

The one-year limitation period is tolled while state post-conviction proceedings are pending.  <u>Harris</u>, <u>supra</u>.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief.  <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner did seek state post-conviction relief by filing his first motion for appropriate relief on March 20, 2002.  That filing tolled the running of the AEDPA time limit.  At that point, 234 days of Petitioner's year to file had passed, leaving 131 days for Petitioner to file after his state post-conviction review concluded.  That review concluded when the North Carolina Court of Appeals denied the petition for certiorari on May 14, 2002.  The AEDPA time limit then began to run again and expired 131 days later

on September 22, 2002. Petitioner did not file his petition in this Court until November of 2008, more than six years later.

It is true that Petitioner later filed a second motion for appropriate relief in the state court. However, attempts at state court relief that are made after the AEDPA time limit has already run do not revive or restart the time limit. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, the second motion for appropriate relief has no effect on the time-bar analysis. Petitioner's habeas petition is not timely under § 2244(d)(1)(A).

In certain circumstances, AEDPA's time limit can began to run at times other than the finality of the conviction. One of these times, which Petitioner argues is applicable in this case, is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner claims that he did not discover the factual predicate for his claim until 2007. Unfortunately for him, the standard is not when he **actually did** discover it, but when he **could have** discovered it through the exercise of due diligence. As Respondent points out, Petitioner's allegation is based on the factual predicate that no female offender has ever been prosecuted in Durham County under the statute used in his case. If true, this was just as true, and just as discoverable, in 2001 as it was in 2007. Petitioner has not explained why this was not so. Therefore, he could have discovered the factual basis for his claim in 2001 through the exercise of due diligence. Subsection (d)(1)(D) is not applicable and Petitioner's

-4-

time to file should be calculated under subsection (d)(1)(A) using the finality analysis set out earlier.  His petition was filed out of time and cannot be considered.

In rare cases, the Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling.  <u>Harris</u>, <u>supra</u>; <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases).  Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Harris</u>, <u>supra</u>; <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000).  Petitioner does not appear to be making any argument in favor of equitable tolling.  In any event, no wrongful conduct or extraordinary circumstances are apparent on the record before the Court.  Respondent's motion for summary judgment should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 4) be granted, that the petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.

                                              /s/ Donald P. Dietrich
                                              **Donald P. Dietrich**
                                  **United States Magistrate Judge**

April 24, 2009